**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

RAMBUS, INC.,

    Plaintiff,

v.                          Civil Action No. 3:00cv524

INFINEON TECHNOLOGIES AG,
<u>et</u> <u>al.</u>,

    Defendants.


**MEMORANDUM OPINION**

This matter is before the Court on intervenor Hynix Semiconductor, Inc.'s ("Hynix") Motion For Access to Copies of Demonstratives Used in Open Court (Docket No. 1008).


**FACTS AND BACKGROUND**

On February 4 and 5, 2005, there was a hearing on Infineon's Motion to Dismiss Rambus' Patent Infringement Claims Based on Rambus' Willful Destruction of Evidence and Other Litigation Misconduct (the "Hearing"). During the Hearing, Infineon used a number of demonstrative exhibits, containing highlights of arguments, excerpts from cited case law, excerpts from depositions, and excerpts of trial exhibits. All of the documents which formed the basis for the demonstrative slides were exhibits to Infineon's Motion to Dismiss and most were identified as trial exhibits for use in the Hearing.

At the beginning of the Hearing, Rambus moved to seal all or part of the proceedings, on the ground that many of the documents to be used as exhibits were subject to the attorney-client privilege or the work product privilege, both of which had been pierced by previous Order of this Court, as to which a petition for writ of mandamus had been denied by the United States Court of Appeals for the Federal Circuit. The Court held that, once the documents become part of the public record for use in deciding dispositive motions in judicial proceedings, there is a significant public right of access to the Hearing and the documents used therein. The Court then balanced the interests at stake, noting that while the attorney-client and work product privileges are important governmental interests, the privileges had been pierced in this action. Additionally, the Court pointed out that the issue before the Court involved the spoliation of evidence which implicates the integrity of the litigation process, a very important public interest. Pursuant to the Court's ruling, the Hearing remained open to the public. Spectators listened to the oral arguments and were able to view the demonstrative slides when they were displayed on a projector in the courtroom. The documents also were discussed at length.

Following the Hearing, Hynix requested copies of the demonstrative slides used by the parties, specifically requesting a copy of the slides used by Infineon. Infineon stated that it had

no objection and was willing to provide Hynix with copies of the demonstrative slides.  Rambus, however, refused to consent to give Hynix access to the slides, explaining that many of the documents excerpted in the slides were governed by a joint protective order whereby the parties agreed not to publicly release disputed attorney-client materials until trial, unless so ordered by the Court.  Upon receiving Rambus' response, Hynix filed this motion. Hynix and Rambus agreed to submit the motion on the briefs and therefore no hearing has taken place.

## DISCUSSION

The demonstrative exhibits at issue in this motion, although not submitted as evidence, were tendered to the Court for use in deciding dispositive motions and were used in a hearing that was open to the public.  Thus, those demonstrative exhibits are part of the public record.

There is a presumption in favor of openness with respect to judicial proceedings.  See In re The Knight Publishing Co., 743 F.3d 231, 234 (4th Cir. 1984).  This presumption "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Id. quoting Press Enterprise v. Superior Court, 464 U.S. 501, 502 (1984).  This presumptive right of access also has been recognized by the Fourth Circuit in civil actions.

3

See, e.g., Ascraft v. Conoco Inc., 218 F.3d 288, 302 (4th Cir. 2000) (finding that Knight applied in a civil action).

There is both a common law and First Amendment right of access to judicial records and judicial proceedings.  The common law presumes a "right to inspect and copy judicial records and documents."  Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978).  This presumption of access may be overcome if "competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).  Where the protection is guaranteed by the First Amendment, "access may only be denied on the basis of a compelling government interest, and only if the denial is narrowly tailored to serve that interest."  Id.  The common law presumption covers "all judicial records and documents," whereas the First Amendment right of access has been extended "only to particular judicial records and documents," id., including documents filed in connection with a summary judgment motion and those filed in connection with plea hearings and sentencings in criminal cases.  Id.

The Court will first consider whether or not the documents at issue remained protected by the joint protective order after the Hearing was declared open to the public, and if not, whether there is another ground upon which they should not be made part of the public record and released.

4

The Court determined at the Hearing, after balancing the interests involved, that the public was entitled to access.  The Court also noted, with respect to the documents covered by previous stipulations respecting their use, that the "documents have been filed with the Court.  Thus, they are part of what is presumptively the public record . . . ."  The Court further added that the documents would come into evidence at trial, which would clearly eviscerate any protection previously afforded.

As explained above, the demonstrative slides at issue included highlights from Infineon's arguments, quotations from applicable case law, and excerpts from depositions and exhibits.  The focus of Rambus' objection with respect to these demonstratives slides is with the deposition and exhibit excerpts, some of which were covered by the protective order.  As also discussed above, these transcripts and exhibits were largely, if not entirely, duplicative of those admitted in the subsequent haring on the issue of unclean hands.  This along with the fact that they were also released to the public at the Hearing effectively moots any argument that the documents retained any protected status following the Hearing.

Having found that the demonstrative slides have already been released to the public, the Court next considers whether the documents should be withheld from further public access for any other reason.  Rambus argues in its opposition brief that the slides are not judicial records subject to a First Amendment right

of access.  Rambus is correct that the demonstrative slides were not admitted into evidence, instead they were merely a tool used by Infineon to aid in making its argument.  Rambus points out that the Fourth Circuit has held that "the First Amendment guarantee of access has been extended only to particular judicial records and documents."  Va. Dept. of State Police v. The Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Stone, 855 F.2d at 180). The flaw in Rambus' argument is that those decisions involved requests to place documents under seal or to unseal previously sealed documents; they did not involve documents that already had been displayed in open court.  That difference is significant because the previous public use effectively stripped the documents of any protection under the protection order.  Additionally, the slides were used by the Court in considering the arguments and in reaching its decision, which places them in a different category from documents that were merely part of the sealed file.  These two facts distinguish the slides at issue here from the type of documents at issue in Va. Dept. of State Police and Stone.

Even if the Court were to decide that the documents were not entitled to First Amendment protection and thus could only be considered in terms of the common law presumption of openness, Rambus' argument would still fail.  Some of the factors to be weighed in determining whether there is a common law presumption of access include "whether the records are sought for improper

6

purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." <u>Va. Dept. of State Police</u>, 386 F.3d at 575.  There is no allegation that the slides have been sought for an improper purpose and clearly the public already has had access to the information contained in the documents; indeed, the public had access to the slides themselves at the Hearing.  Thus, even under a common law calculus, the slides should still be released to the public.

### CONCLUSION

For the foregoing reasons, Hynix's Motion for Access to Copies of Demonstrative Exhibits Used in Open Court is hereby granted.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record by facsimile and regular mail.

It is so ORDERED.


_____/s/_____
                    Robert E. Payne
                    United States District Judge


Richmond, Virginia
Date:_____

7